United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

No. 18-20315

v.

Hon. Judith E. Levy

Nathaniel Cotton,

    Defendant,

---

**Stipulation and Proposed Order to Continue the
Plea Cut-off, and
Trial and Find Excludable Delay**

---

The parties stipulate to continue; the plea cut-off date to July 13, 2020 at 3:00pm; and the trial date to July 27, 2020. The parties further stipulate, and jointly move for the Court to find, that the time period between March 31, 2020, and July 27, 2020 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency

- throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security

- Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.
- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.
- These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. For example, most jail facilities have imposed severe restrictions on visitation and have imposed internal restrictions as well. As a result, for any detained defendant, there is little or no ability to meet with counsel to review the case for at least the next month. Counsel also have limited ability to access materials, visit and interview

witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).
- In addition, the Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. *See* 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). In light of the restrictions on travel,

movement, and public appearances, these provisions further support the exclusion of this time.

- Defendant and the government were engaged in active plea negotiations prior to the global pandemic and defendant was considering providing mitigation evidence to limit his potential sentencing exposure. Because counsel and the government are not able to meet in person at this time, a continuance would provide the parties with further time to conduct plea negotiations and assess any potential mitigation.

- This open-ended continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part on other grounds*, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy Trial Act Plan of this District. *See* E.D. Mich. STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform the court promptly when and if the circumstances that justify the continuance no longer exist" and must "file periodic reports").

The parties therefore request that the Court grant a continuance of the trial date, the plea cut-off date, and the motion cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C.

§ 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

| | |
|---|---|
| *s/ Jihan Williams* | */s/ Charles Longstreet (with consent)* |
| Jihan Williams | Charles Longstreet |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | |
| Detroit, MI 48226 | |
| Jihan.williams@usdoj.gov | |
| (313) 226-9520 | |

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

                                    No. 18-20315

v.

                                    Hon. Judith E. Levy

Nathaniel Cotton,

    Defendant,

**Order Continuing
the Plea Cut-off, and
Trial and Finding Excludable Delay**

The Court has considered the parties' stipulation and joint motion to continue the trial, the plea cut-off date and for a finding that the time period from March 31, 2020 to July 27, 2020 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from the <u>current trial date of **April 27, 2020**, to the new trial date of **July 27, 2020**</u> qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.
- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.
- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- Defendant and the government were engaged in active plea negotiations prior to the global pandemic and defendant was considering providing mitigation evidence to limit his potential sentencing exposure. Because counsel and the government are not able to meet in person at this time, a continuance would provide the parties with further time to conduct plea negotiations and assess any potential mitigation.
- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS THEREFORE ORDERED that the time from April 27, 2020 to July 27, 2020 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that following dates are reset by the Court:

Plea cutoff/Final Pretrial Conference:   July 13, 2020 at 2:00 p.m.

Jury Trial:   July 27, 2020 at 8:30 a.m.

Date: March 24, 2020

s/Judith E. Levy
United States District Judge